UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALAN PRESSWOOD, D.C., P.C., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PERNIX THERAPEUTICS HOLDINGS, et al.,<br><br>Defendants. | Case No. 4:15-CV-592 NAB |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Alan Presswood, D.C., P.C.,'s Motion to Stay Case including Briefing on Defendants' Supplemental Motion to Dismiss Plaintiff's Second Amended Complaint pending Disposition of the Bankruptcy Court Objection. [Doc. 70.] Defendants filed a Memorandum of Law in Opposition to Plaintiff's Motion to Stay. [Doc. 72.]

On July 23, 2015, this Court stayed its ruling on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint until the U.S. Bankruptcy Court for the Southern District of Illinois issued a ruling regarding whether the claim brought in this action was a part of the bankruptcy estate of individual Dr. Alan Presswood. On September 15, 2016, the bankruptcy court ruled that at the time that this action was filed, the claim belonged to the Trustee and not Dr. Alan Presswood. The bankruptcy court, however, found that the claim could be exempted under bankruptcy law and excluded it from the bankruptcy estate. After that ruling, Dr. Presswood has started additional litigation in the bankruptcy court seeking a court order that the Trustee abandon the claim. In this court, Plaintiff Alan Presswood, D.C., P.C., seeks leave to

stay this case until the proceedings regarding abandonment of the claim are completed in bankruptcy court. Defendants oppose the motion as a fruitless effort that will prejudice the Defendants.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). "In considering a motion to stay, a court should consider both the interest of judicial economy and the potential prejudice or hardship to the parties." *Asarco, LLC v. NL Industries, Inc.*, No. 4:11-CV-864 JAR, 2013 WL 943614 at *3 (E.D. Mo. 11, 2013). Based on the foregoing, the Court will deny Plaintiff's Motion to Stay. First, Dr. Presswood is not currently the Plaintiff in this action. Although Plaintiff intends to file another motion to amend its complaint substituting Dr. Presswood for the current Plaintiff, it is questionable that Dr. Presswood has standing to pursue this claim. Second, Plaintiff has not sufficiently supported its claim that staying this particular action supports judicial economy and would not prejudice the Defendants.

Accordingly,

**IT IS HEREBY ORDERED** that Motion to Stay Case including Briefing on Defendant's Supplemental Motion to Dismiss Plaintiff's Second Amended Complaint, pending Disposition of the Bankruptcy Court Objection is **DENIED**. [Doc. 70.]

**IT IS FURTHER ORDERED** that Plaintiff shall file its response to Defendant's Supplemental Motion to Dismiss Plaintiff's Second Amended Complaint no later than **November 1, 2016**. [Doc. 67.]

**IT IS FURTHER ORDERED** that Defendants may file a Reply Brief in Support of their Supplemental Motion to Dismiss Plaintiff's Second Amended Complaint no later than **November 3, 2016**.

**IT IS FURTHER ORDERED** that the parties shall appear in person for oral argument regarding Defendants' Motion to Dismiss for Lack of Jurisdiction [Doc. 29.] and Supplemental Motion to Dismiss Plaintiff's Second Amended Complaint [Doc. 67.] on Monday, November 7, 2016 at 3:00 p.m. in Courtroom 13-North of the Thomas F. Eagleton Courthouse in St. Louis, Missouri.

Dated this 25th day of October, 2016.

/s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE