# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ALAN PRESSWOOD, D.C., P.C., individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:15-CV-592 NAB |
| PERNIX THERAPEUTICS HOLDINGS, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Pernix Therapeutics Holdings and Somaxon Pharmaceuticals, Inc.'s Motion to Dismiss Plaintiff Alan Presswood, D.C. P.C.'s Second Amended Complaint and Supplemental Motion to Dismiss Plaintiff's Second Amended Complaint. [Docs. 29, 67.] Plaintiff filed memoranda in opposition to Defendants' motions to dismiss. [Docs. 34, 74.] Defendants filed Reply Briefs. [Docs. 37, 75.] On November 7, 2016, the Court heard oral argument on Defendants' motions to dismiss. During the oral argument, Plaintiff filed a new motion to stay the case until putative plaintiff Dr. Alan Presswood (Dr. Presswood) completes currently pending bankruptcy litigation.

Essentially, the Court is tasked with determining whether the current Plaintiff has standing to bring this action, which the parties agree it does not. Second, the Court must determine whether it is required to stay this action until putative plaintiff Dr. Presswood completes currently pending bankruptcy litigation. For the following reasons, the Court will grant Defendants' motions to dismiss and dismiss this action.

## I. Procedural Background

This action has a long and circuitous history.

Dr. Allen Presswood formed Associated Physical Medicine, P.C. (APM) in 1990 as Presswood Chiropractic, with the name change to APM occurring in 2001. [Doc. 75-1.] APM was administratively dissolved by the State of Missouri in 2005. [Doc. 75-2.] Dr. Presswood continued to file taxes in the name of APM into 2011. [Doc. 74-5, Ex. 1.] In April 2011, two unsolicited faxes were allegedly sent by Scienomics Group addressed to Dr. Brent Palmer, who worked for the administratively dissolved APM at the time. Dr. Presswood contends that he managed APM as a sole proprietorship at the time. On April 30, 2012, Dr. Presswood formed Alan Presswood, D.C., P.C., a professional corporation. [Doc. 75-3.] On May 29, 2012, Dr. Presswood filed for personal chapter 7 bankruptcy in the Southern District of Illinois. [Doc. 75-4.] Dr. Presswood claimed Alan Presswood D.C., P.C. and APM as assets, but stated that APM was no longer operating. [Doc. 75-4 at 12.]

On February 15, 2015, Plaintiff Alan Presswood, D.C., P.C., hereinafter referred to as Plaintiff, filed this case as a class action against Defendants Pernix Therapeutics Holdings, Somaxon Pharmaceuticals, Inc., and John Does 1-10 in the Circuit Court of St. Louis County. Plaintiff also contemporaneously filed a Motion to Certify a Class Action. In its original Petition, Plaintiff accused Defendants of violating the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.020, and committing conversion. [Doc. 5.] Plaintiff claimed that Defendants sent two unsolicited facsimile advertisements in April 2011. [Doc. 5.] Defendants removed the action to this court on April 8, 2015.

On April 15, 2015, Plaintiff filed a Consent Motion to Dismiss its Motion for Class Certification, asserting that the parties agreed that until Plaintiff renewed its motion for class certification or notifies the Court that it will not pursue its class claims under Rule 23, Defendants agree not to make any individual settlement offers or a Rule 68 Offer of Judgment. On April 15, 2015, Defendants filed a Motion to Dismiss Plaintiff's Complaint for lack of standing and failure to state a claim on all counts. [Doc. 14.] On April 17, 2015, Plaintiff then filed a Motion to Dismiss Count III, under the Missouri Merchandising Practices Act, without prejudice. [Doc. 16.] On April 22, 2015, Plaintiff filed an Amended Complaint. [Doc. 19.] On April 23, 2015, Plaintiff filed a Second Amended Complaint, asserting only claims under the TCPA. [Doc. 22.] The Court denied Plaintiff's Motion to Dismiss Count III as moot due to the filing of the amended complaints. [Doc. 28.]

On May 15, 2015, Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint. [Doc. 29.] Defendants asserted that Plaintiff lacked standing to sue Defendants on its own or on behalf of a class, Plaintiff's amended factual allegations are not and cannot be true, and Plaintiff's revised allegations fail as a matter of law. Defendants noted that Plaintiff had not received the faxes and did not exist at the time the faxes were sent. Defendants also asserted that the TCPA claim was not included in Dr. Presswood's individual bankruptcy filing. Plaintiff responded that Dr. Alan Presswood (individual) should be allowed to join this action under Federal Rule of Civil Procedure 17 as a real party in interest. [Doc. 34.] In its reply Brief, Defendants asserted that Plaintiff violated Rule 15(a)(2)'s requirement that Plaintiff obtain consent or leave of court to file an Amended Complaint. [Doc. 37.] Further, Defendants assert that Plaintiff failed to respond to the Motion to Dismiss and added new factual allegations in its brief. [Doc. 37.]

Plaintiff also filed a Motion for Leave to File a Third Amended Complaint so that it could add Dr. Presswood as a Plaintiff. [Doc. 35.] Defendants filed a memorandum in opposition stating that Plaintiff had changed its basis for standing for a third time and the proposed third amended complaint made alternative and contradictory claims in a last ditch effort to demonstrate standing. [Doc. 40.] Plaintiff filed a Reply Brief, which stated that its motion for leave to amend should be granted based on the need to add Dr. Presswood alone. [Doc. 43.]

On June 25, 2015, Dr. Presswood filed amended pleadings in the bankruptcy court asserting this action as a claim of his bankruptcy estate and he requested an exemption under bankruptcy law. At a status conference on July 22, 2015, the Court stayed ruling on Defendants' Motion to Dismiss until the bankruptcy court addressed Dr. Presswood's filings. [Doc. 48.] The Court also granted Plaintiff's Motion to Withdraw its Motion for Leave to file a Third Amended Complaint. [Doc. 51.]

On September 15, 2016, the bankruptcy court for the Southern District of Illinois ruled that at the time that this action was filed, the claim belonged to the Trustee of Dr. Presswood's bankruptcy estate and not Dr. Presswood. [Doc. 67-2.] The bankruptcy court, however, found that the claim could be exempted under bankruptcy law and as of the date of the bankruptcy court's order the claim is exempted from the estate. [Doc. 67-2.] After that ruling, Dr. Presswood started additional litigation in the bankruptcy court seeking a bankruptcy court order that the Trustee abandon the claim. Before Dr. Presswood can attempt to obtain standing, the claim would need to be abandoned. In this court, Plaintiff sought leave to stay this case until the proceedings regarding abandonment of the claim are completed in bankruptcy court. [Doc. 70.] This court denied Plaintiff's motion to stay and ordered Plaintiff to file a memorandum in opposition to Defendants' Supplemental Motion to Dismiss. [Doc. 73.] The Court heard oral

4

argument on Defendants' motions to dismiss on November 7, 2016. At the time of the oral argument, Plaintiff renewed its Motion to Stay pending the conclusion of the bankruptcy litigation concerning Dr. Presswood.

### III. Standard of Review

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). "It is axiomatic that a court may not proceed at all unless it has jurisdiction." *Crawford v. F. Hoffman-LaRoche*, 267 F.3d 760, 764 (8th Cir. 2001). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal Rule of Civil Procedure 12(b)(1) requires dismissal if the court lacks subject matter jurisdiction over a claim. To dismiss an action under Rule 12(b)(1), the complaint must either be successfully challenged on the factual truthfulness of its assertions, or successfully challenged on its face. *Archdiocese of St. Louis, v. Sebelius*, No. 4:12-CV-924 JAR, 2013 WL 328926 at *4 (E.D. Mo. Jan. 29, 2013). A court deciding a motion under Rule 12(b)(1) must distinguish between a facial attack and a factual attack on jurisdiction. *Osborn v. U.S.*, 918 F.2d 724, 729, n. 6 (8th Cir. 1990). In a facial attack, the court restricts itself to the face of the pleadings and in a factual attack, the court considers matters outside the pleadings. *Id.* Under a facial attack, the non-moving party receives the same protections it would have in defending a motion under Rule 12(b)(6). "In a factual attack … the non-moving party does not have the benefit of Rule 12(b)(6) safeguards." *Carleson v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (citing *Osborn*, 918 F.2d at 729 n. 6).

> Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction- its very power to hear the case- there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to

> hear the case. In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of the disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

*Osborn*, 918 F.2d at 730 (citing *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977)). Therefore, the Court will review Defendants' motions to dismiss as a factual attack for lack of subject matter jurisdiction under Rule 12(b)(1).

## IV. Discussion

First, the Court will address the Plaintiff's standing. Plaintiff never had and does not now have standing to pursue this action on behalf of itself or anyone else. Plaintiff's counsel admitted at oral argument that Plaintiff does not have standing. Plaintiff did not exist as an entity at the time the faxes were alleged to have been sent. The faxes at issue in this case were sent in April 2011. Pl.'s Compl. ¶ 18. Plaintiff was formed on April 30, 2012. [Doc. 75-3.] Therefore, the Court can and will dismiss this action based on Plaintiff's lack of standing alone.[1]

Despite lacking standing to pursue this action, Plaintiff asks the Court to stay this action while Dr. Presswood attempts to obtain the right to pursue this claim through litigation currently pending in bankruptcy court. Therefore, Plaintiff also admits that currently, Dr. Presswood does not have standing to pursue this action either. Under federal bankruptcy law, "all legal or equitable interests of the debtor in property as of the commencement of the case" become part of the bankruptcy "estate." 11 U.S.C. § 541(a)(1). The debtor must list all legal or equitable interests in property on a schedule of assets and liabilities. 11 U.S.C. § 521(a)(1)(B)(I). "Causes

---

[1] Defendants assert in their original motion to dismiss [Doc. 29.], that Plaintiff improperly filed its second amended complaint, because it did not obtain Defendants' consent or leave of court to file under Fed. R. Civ. P. 15(a). The Court finds that it does not matter, which complaint is the actual complaint, because the same Plaintiff is listed in each complaint and Plaintiff does not have standing under any of the complaints filed in this court.

6

of action are interests in property and are therefore included in the [bankruptcy] estate[.]" *In re Senior Cottages of America, LLC*, 482 F.3d 997, 1001 (8th Cir. 2007). "Most importantly, the property of the bankruptcy estate includes all causes of action that the debtor could have brought at the time of the bankruptcy petition." *United States ex rel. Gebert v. Transport Admin. Servs.*, 260 F.3d 909, 913 (8th Cir. 2001). "[A]fter appointment of a trustee, a Chapter 7 debtor no longer has standing to pursue a cause of action which existed at the time the Chapter 7 petition was filed. Only the trustee, as representative of the estate, has the authority to prosecute and/or settle such causes of action." *Harris v. St. Louis Univ.,* 114 B.R. 647, 648 (E.D.Mo. 1990); *see also In re Senior Cottages of America, LLC,* 482 F.3d at 1001 (bankruptcy trustee has standing to assert causes of action that belonged to the debtor at the time of filing bankruptcy). If a debtor fails to list an asset in his bankruptcy schedules, that asset is not automatically abandoned back to the debtor when the case is closed but instead remains part of the estate. *Schaefer v. First Source Advantage, LLC*, 2013 WL 509001, at *5 (E.D.Mo. Feb. 12, 2013) (citing 11 U.S.C. § 554(c),(d)).

At the time he filed his bankruptcy petition, Dr. Presswood did not include this cause of action. Currently, the trustee of the bankruptcy estate owns the claim, because the grant of exemption by the bankruptcy court in September 2016 does not confer retroactive standing upon Dr. Presswood at the time this action was filed in April 2015. *See Yelverton v. District of Columbia*, 529 B.R.1 (Bank. D.C. 2014) (while abandonment of a claim by a trustee may retroactively provide a debtor with standing, claiming an exemption does not have an equivalent effect); *Ball v. Nationscredit Fin. Serv. Corp.*, 207 BR 869, 872-73 (Bank. N.D. Ill. 1997) (same).

7

Plaintiff has failed to cite any legal authority that this court has any obligation to stay these proceedings while he attempts to obtain the legal right to pursue this action in bankruptcy court. Next, this Court has no duty to stay this case because it was filed as a class action. "The normal rule is that if a case has only one class representative and that party does not have standing, then the court lacks jurisdiction over the case and it must be dismissed." *Oetting v. Norton*, 795 F.3d 886, 892 (2015). "It is [also] true that substitution of plaintiffs is often appropriate when a class representative's claims becomes moot after the class has been certified." *Id.* In this case, however, no class has been certified and neither the current Plaintiff nor the putative class plaintiff currently have standing. This Court has no duty to save an uncertified class where the current Plaintiff and the putative class plaintiff both lack standing at the time the request is made. *See id.* Therefore, the Court will grant Defendants' motions to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff Alan Presswood, D.C. P.C.'s Second Amended Complaint and Supplemental Motion to Dismiss Plaintiff's Second Amended Complaint are **GRANTED**. [Docs. 29, 67.]

**IT IS FURTHER ORDERED** that Plaintiff's oral motion to stay this action is **DENIED**.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 30th day of November, 2016.

        /s/ Nannette A. Baker
     NANNETTE A. BAKER
     UNITED STATES MAGISTRATE JUDGE