UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ALAN PRESSWOOD, D.C., P.C., )
individually and on behalf of all others )
similarly situated, )
 )
    Plaintiff, )
 )
  v. ) Case No. 4:15-CV-592 NAB
 )
PERNIX THERAPEUTICS HOLDINGS, et al., )
 )
    Defendants. )

## **MEMORANDUM AND ORDER**

This closed matter is before the Court on Plaintiff's Motion to Remand and Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e). [Docs. 79, 83.]

**I.  Procedural Background**

As stated in the Memorandum and Order dismissing this action, the procedural history of this case is circuitous. For a detailed procedural history of this action, please refer to that order. [Doc. 77.] Essentially, Plaintiff filed three complaints in this action, with the last Complaint being the Second Amended Complaint filed on April 23, 2015. [Doc. 22.] The Second Amended Complaint only asserted claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). "It is well established that an amended complaint [supersedes] an original complaint and renders the original complaint without legal effect." I*n re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). Defendants filed a Motion to Dismiss the Second Amended Complaint, which was granted by the Court on November 30, 2016. [Docs. 29, 77.] The Court granted the motion based on Plaintiff's lack of standing and therefore,

dismissed for lack of subject matter jurisdiction. Plaintiff then filed a Motion to Remand and Motion to Alter or Amend Judgment. Both motions have now been fully briefed.

**II.     Discussion**

First, Plaintiff asks the Court to remand this action, which was originally filed in state court. Plaintiff's motion will be denied as untimely. The Court cannot remand a case for lack of subject matter jurisdiction after judgment has been entered. *See* 28 U.S.C. § 1447(c).

Next, the Court will address Plaintiff's motion to alter or amend judgment. "A motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e). "A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)." *Briscoe v. County of St. Louis*, 690 F.3d 1004, 1015 (8th Cir. 2012). "One of the main purposes of Rule 59(e) is to allow a district court to 'rectify its own mistakes in the period immediately following the entry of judgment.'" *Burckhard v. BNSF Railway Co.*, 837 F.3d 848, 857 (8th Cir. 2016) (citing *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). "It should be noted that Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).

In the instant motion to amend or vacate judgment, Plaintiff requests that the Court amend its judgment in this action by remanding the case instead of dismissing the case. In support of its argument, Plaintiff contends that the Court was required to remand the action rather than dismiss for lack of subject matter jurisdiction, because the case was removed. Defendants contend that Plaintiff's motion should be denied, because Plaintiff cannot seek relief based on assertions that could have been presented before the entry of judgment.

There is no dispute that Plaintiff's motion does not present any newly discovered evidence. Therefore, the issue before the Court is whether the court committed a manifest error of law that should be corrected by amending the judgment.

The statute at issue, 28 U.S.C. § 1447(c) states as follows:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

The Court dismissed this action for lack of subject matter jurisdiction pursuant to 1447(c). Although Plaintiff failed to assert the Court's authority to remand this action instead of dismiss it during extensive briefing, the statute is clear that in removed cases lacking subject matter jurisdiction the Court must remand the case. *Hughes v. City of Cedar Rapids, Iowa*, 840 F.3d 987, 993 (8th Cir. 2016). "In this case, the Court would have remanded plaintiff's state law claims had it recalled at the time of judgment that the case was removed from state court rather than initially filed in federal court." *Williams v. City of Beverly Hills*, No. 4:04-CV-631 CAS, 2006 WL 1360875 at *2-3 (E.D. Mo. May 17, 2006) (Plaintiff's Rule 59(e) motion would have been granted and the case remanded if it had been timely filed). Plaintiff's Rule 59(e) motion is timely filed and should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is **DENIED**. [Doc. 79.]

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) is **GRANTED**. [Doc. 83.]

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Supplement is **GRANTED**. [Doc. 92.]

An amended Order of Dismissal remanding this action will be filed contemporaneously with this order.

Dated this 28th day of September, 2017.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE